United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Raven Environmental Restoration Services, LLC, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-23060-Civ-Scola |
| United National Insurance Company, Defendant. | ) ) ) | |

### Order Granting Motion to Dismiss

Plaintiff Raven Environmental Restoration Services, LLC, claims that Defendant United National Insurance Company breached an insurance contract by failing to cover damages suffered on or about December 26, 2019, by a property located at "2507 NW 16th St Rd, Unit 332, Miami, FL 33125" (the "Property") owned by Miami Riverview Apartments, Inc., the Defendant's insured (the "Insured"). (Compl., ECF No. 1-2 at ¶8.) After careful review of the record, briefing, and legal authorities, the Court **grants** the motion to dismiss (**ECF No. 5**).

**1. Background**

Although the Plaintiff is neither the Insured nor the owner of the Property, the Plaintiff commenced this lawsuit after allegedly performing restoration services to the Property on behalf of the Insured and the Plaintiff claims to have received an assignment of "all rights" under the policy from the Insured. (*Id.* at ¶11.) The complaint alleges that the Defendant received an itemized invoice from the Plaintiff detailing the work done and the amount owed, but the Defendant has failed to pay the total outstanding bill. (*Id.* at ¶15.) As such, the complaint alleges that the Plaintiff is entitled to collect insurance proceeds under the policy for its services. (*Id.* at ¶12.) The Defendant has refused to pay the invoice on the grounds that the assignment agreement is invalid and that there is no contract between the parties. (ECF No. 5.) The complaint raises two causes of action against the Defendant: Count I is for breach of contract and Count II is for quantum meruit.

The Plaintiff filed its original complaint in state court on May 7, 2020. (Def.'s Not. of Removal, ECF No. 1.) Within 30 days of jurisdictional discovery revealing federal subject matter jurisdiction, the Defendant removed this case to federal court on July 24, 2020, alleging diversity of citizenship and an amount in controversy in excess of $75,000. (*Id.*)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

The Court finds that both counts of the complaint are based on legal conclusions without adequate factual support to state a claim upon which relief can be granted. The Plaintiff alleges that the Property "suffered a covered loss" and that the Defendant breached an insurance policy by failing to pay for the damages. (ECF No. 1-2 at ¶8.) "While those allegations provide a basic sketch of virtually every imaginable . . . insurance claim, they do not provide sufficient information to show that this Plaintiff was harmed by this Defendant whose action or inaction breached a particular term of their contract." *5650 N. Miami Ave. LLC v. Scottsdale Ins. Co.*, No. 20-21702-CIV, 2020 WL 3839809, at *2 (S.D. Fla. July 8, 2020) (Scola, J.); *see also Boca Raton Sailing v. Scottsdale Ins.*, No. 18-cv-81236, 2019 WL 7904805, at *2 (S.D. Fla. Mar. 18, 2019)

(Middlebrooks, J.) (The "complaint must at least provide enough information regarding the disputed terms to give the opposing party reasonable notice of which provisions are being contested."). By failing to show what policy provisions the Defendant breached by not paying the Plaintiff's invoice, or even what portions of the claim the Defendant declined to cover under the policy, the complaint presents nothing more than the sort of "the defendant-unlawfully-harmed-me accusation" that *Iqbal* prohibits. 556 U.S. at 678.

"It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (affirming dismissal of complaint that failed to allege breach with sufficient specificity). The 21st paragraph of the amended complaint is representative of its overall conclusory nature. In that paragraph, the Plaintiff alleges that the Defendant's refusal to pay the full amount of the invoice violated "the applicable Florida Statutes and the contract entered into between the Insured and Defendant." (ECF No. 1-2 at ¶21.) Which (of many) Florida statutes? Which (of many) terms of the contract? The Defendant cannot be tasked with defending itself by guesswork against such a catchall allegation. *See Herssein Law Grp.*, 594 F. App'x at 608.

The allegations in this complaint are particularly attenuated given that the Plaintiff sues not as a party to any contract between itself and the Defendant, but rather as a purported assignee of the benefits under the policy between the Insured and the Defendant. Instead of attaching the policy to the complaint, the Plaintiff attached an invoice that it purportedly sent to the Defendant. (Exhibit B, ECF No. 1-2 at 13.) However, the reference to an invoice does not put the Defendant (much less the Court) on notice as to the nature of the precise dispute between the parties. It also gives no notice as to the legal theories to which the Defendant must respond. In its opposition to the motion to dismiss, the Plaintiff states that it "was not able to identify a single provision under the Policy because Plaintiff did not have a copy of the Policy." (Pl.'s Resp., ECF No. 6 at 9.) The Plaintiff further cites to *Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007), for the proposition that the Plaintiff "may obtain a copy of the Policy from Defendant through the discovery process." (ECF No. 6 at 9-10.) While it is true as a general matter that the policy would be discoverable, simply saying so does not bring the complaint any closer to the particularity standard and the Plaintiff has not moved to amend the complaint. *See NygåRD v. DiPaolo*, 753 F. App'x 716, 722 (11th Cir. 2018) ("[I]f there is a pending motion, a party must take reasonable efforts to warn the district court that more discovery is needed before that motion can be resolved."); *see also United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1280-81 (11th

Cir. 2009) (affirming dismissal where plaintiff "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in its briefs . . . ."). The Court notes that the Defendant actually put the policy into the record as an attachment to its notice of removal. (ECF No. 1-3.) Accordingly, the Plaintiff's argument that the policy could have been uncovered in discovery is particularly inapposite given that the policy was in the record even before the motion to dismiss was filed. In sum, because the Plaintiff does not provide facts that support its legal conclusions, its complaint fails to rise above a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As such, the Court finds that Count I fails to state a claim upon which relief can be granted.

Count II, for quantum meruit, similarly fails. The elements of a cause of action for quantum meruit under Florida law "are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287, 1313-14 (S.D. Fla. 2006) (Altonaga, J.). In the quantum meruit context, "the threshold question[] is not about what benefits were conferred, but rather is about the 'meeting of the minds' or lack thereof between [the parties]." *Adventist Health Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, No. 6:03-CV-1121-ORL-19, 2004 WL 6225293, at *4 (M.D. Fla. Mar. 8, 2004). Crucially, in a case such as this one where the conferred benefit cannot be reasonably undone, the defendant must have knowledge of the benefit with an opportunity to decline to accept the benefit. *See Absolute Marine Towing & Salvage, Inc. v. S/V Iniki*, No. 6:09-CV-1712-ORL-31, 2010 WL 2652466, at *2 (M.D. Fla. June 22, 2010); *see also Yeats v. Moody*, 128 Fla. 658, 175 So. 719, 720 (Fla. 1937).

Here, the complaint does not allege that the Defendant had any prior notice of the purportedly conferred benefit (*i.e.*, the restoration of the Property), much less any opportunity to decline the purported benefit by stopping the Plaintiff from its restoration work before it commenced or while it was underway. No "meeting of the minds" appears from the face of the complaint or any favorable construction of its allegations. On the contrary, the complaint's only hint at notice is its allegation that the Defendant "received an itemized invoice from Plaintiff detailing the *work done* and the *amount owed* . . . ." (ECF No. 1-2 at ¶15 (emphasis added).) The complaint's use of the past tense shows that by the time the Defendant received notice through its receipt of the invoice, the work was already "done" and the amount in dispute was already "owed." Apparently recognizing that post-work notice is effectively no notice for

quantum meruit purposes, the Plaintiff now argues in its response to the motion to dismiss that the "Defendant had knowledge of the services *to be performed*, approved these services and accepted them." (ECF No. 6 at 9 (emphasis added).) However, the Court cannot credit this material reversal from past to future tense because "Plaintiffs cannot amend the [complaint] via a response to a motion to dismiss." *Llauro v. Tony*, No. 1:19-CV-20638, 2020 WL 3637242, at *7 n.6 (S.D. Fla. June 30, 2020) (Gayles, J.) (citing a *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 (S.D. Fla. 2012) (collecting cases)). Additionally, the Plaintiff's argument in its response brief that the Defendant "approved" and "accepted" the services is not supported by or made with reference to any allegations in the complaint and, again, these new arguments cannot be used to amend the complaint (*see id.*).

Accordingly, even assuming that the Plaintiff satisfied the first element of conferring a benefit upon the Defendant insurer by restoring the Insured's Property, the complaint fails to satisfy the second and third elements of quantum meruit. The fourth element is also not met because it would be unfair to force the Defendant to pay for this purported benefit where the Defendant had no opportunity to reject the benefit. *See, e.g.*, *Absolute Marine Towing & Salvage, Inc. v. S/V Iniki*, No. 6:09-CV-1712-ORL-31, 2010 WL 2652466, at *2 (M.D. Fla. June 22, 2010) ("[O]n these facts it would appear to be inequitable for [the ship salvage company] to provide an unquantifiable benefit to [the insurer], one that [the insurer] had not requested and which [the insurer] could not reject or return, and then force [the insurer] to pay for it.").

### 4. Conclusion

Because the Plaintiff does not allege specific facts in support of its legal conclusions, the Court finds that the complaint fails to adequately state claims for breach of contract and quantum meruit. The quantum meruit count is further deficient because it lacks allegations establishing the legal elements of the claim. As both counts fail on threshold grounds, the Court need not and does not reach the additional issues raised by the motion, such as whether the assignment to the Plaintiff was valid. Further, as the Plaintiff has not requested leave to amend, the Court dismisses the complaint without prejudice and without leave to amend. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the

idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

Accordingly, the Court **grants** the Defendant's motion to dismiss (**ECF No. 5**) and dismisses the complaint without prejudice and without leave to amend. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on September 2, 2020.

_____
Robert N. Scola, Jr.
United States District Judge